IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV212
(1:01CR48-9)

| | |
|---|---|
| TIMNAH RUDISILL ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER OF DISMISSAL** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. No response is necessary from the government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On August 6, 2001, the Petitioner and ten co-Defendants were charged in a single count bill of indictment with conspiracy to possess with intent to distribute cocaine base and cocaine. **Superceding Bill of Indictment, filed August 6, 2001.** After a jury trial, the Petitioner was

found guilty on November 14, 2001. **Verdict Sheet, filed November 14, 2001.** On July 24, 2002, the undersigned sentenced the Petitioner to life imprisonment. **Judgment in a Criminal Case, filed August 19, 2002.** On appeal, the Fourth Circuit affirmed the Petitioner's conviction and sentence on September 15, 2003; the Petitioner did not file a petition with the Supreme Court for a writ of *certiorari*. ***United States v. Rudisill*, 75 Fed. Appx. 157 (4th Cir. 2003).** Therefore, the Petitioner's conviction became final on December 15, 2003. Petitioner signed his § 2255 motion on April 29, 2005, and same was filed in this Court on May 18, 2005.

> Prior to the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255. In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations. . . . In relevant part, the AEDPA amended § 2255 by adding the following language:
>
> > A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> > (1) the date on which the judgment of conviction becomes final; . . . .
>
> We are left with the question of when a judgment is to be considered final. The Supreme Court has addressed the question of finality in the context of retroactivity. The Court defined a conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."

***Gendron v. United States*, 154 F.3d 672, 673-74 (7th Cir. 1998) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).** Because the motion was filed some 16 months after the Petitioner's conviction became final, the undersigned, therefore, concludes this motion is untimely filed. *Id.*

Petitioner alleges that he is unsure of when this one year statute of limitations began because his attorney did not notify him at any time as to the status of his appeal. *See* **Petition, at 12.** "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for

equitable tolling" of the statute of limitations for filing a motion pursuant to § 2255. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bev v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003)).

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE.**

**Signed: May 24, 2005**

Lacy H. Thornburg
United States District Judge