# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:01cr48-9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TIMNAH RUDISILL. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion for Dismissal and/or Immediate Release Due to Lack of Jurisdiction and Failure to State a Claim" [Doc. 535], filed June 4, 2010.

On August 6, 2001, the Defendant and ten co-defendants were charged in a single count Bill of Indictment with conspiracy to possess with intent to distribute cocaine base and cocaine. [Superseding Bill of Indictment, Doc. 26]. Following a jury trial, the Defendant was found guilty on November 14, 2001. [Verdict Sheet, Doc. 180]. On July 24, 2002, the Court sentenced the Defendant to a term of life imprisonment. [Judgment, Doc. 277]. The Defendant's conviction and sentence were affirmed on appeal. United States v. Rudisill, 75 F. App'x 157 (4th Cir. 2003). On May 18, 2005, the Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. [Doc.

334]. The Defendant's motion was denied as untimely on May 24, 2005. [Doc. 335]. The Defendant appealed, but the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed his appeal on December 20, 2005. United States v. Rudisill, 159 F. App'x 506 (4th Cir. 2005).

The Defendant now moves for an Order dismissing the Indictment and his subsequent conviction. For grounds, the Defendant contends that the original Bill of Indictment filed in this case named him in the caption but failed to charge or name him in the actual charging count, and that the jury mistakenly returned a guilty verdict on the original Bill of Indictment and not on the Superseding Bill of Indictment under which he was actually charged.

The Defendant bases his contention that he was tried on the original Bill of Indictment on the fact that the Verdict Sheet refers to the charging document as simply the "Bill of Indictment." This argument is without merit. The Verdict Sheet makes clear that the Defendant was found guilty of conspiracy as charged in the Superseding Bill of Indictment. The reference to the Superseding Bill of Indictment simply as the "Bill of Indictment" does not invalidate the Defendant's conviction.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Motion for Dismissal and/or Immediate Release Due to Lack of Jurisdiction and Failure to State a Claim" [Doc. 535] is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed: June 17, 2010

Martin Reidinger
United States District Judge